IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EDDIE LAREECE PITTMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-04210-MDH |
| | ) | |
| THE CURATORS OF THE UNIVERSITY | ) | |
| OF MISSOURI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Default against defendant Renee Jiji. (Doc. 15) and Plaintiff's Motion to Strike (Doc. 22). Plaintiff states that Jiji was properly served official summons and complaint on February 8, 2021, and she has failed to plead or otherwise defend by the deadline of March 1, 2021. The Motion for Default and Motion to Strike are hereby **DENIED**.

## BACKGROUND

On December 28, 2020, Plaintiff filed a "Motion to be Heard" requesting that the Court allow Plaintiff to serve all Defendants via USPS certified fail. (Doc. 6). On January 21, 2021, the Court entered an Order directing Plaintiff to "serve Defendants by any means allowed by the Federal Rules of Civil Procedure." (Doc. 7). On February 17, 2020, Plaintiff filed a "Submission of Proof of Service" on Jiji, which asserted that he served Jiji via USPS certified mail. (Doc. 9).

Plaintiff's Submission also included a document that appears to be a USPS electronic return receipt, and which purports to confirm that on February 8, 2021 an item was "Delivered, Left with Individual" at "25425 Walnut St., Lomita CA 90717." The return receipt contains a "Signature of

Recipient," and while the text in the signature field is not entirely clear, it very clearly does not resemble "Renee Jiji.

## STANDARD

Federal Rule of Civil Procedure 55(a) governs entry of default, while Rule 55(b) governs entry of default judgment. "When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Before default may be entered, the person against whom a judgment is sought must have been properly and effectively served with process. *Rice v. Univ. of N.D. Sch. of Medicine & Health Scis.*, No. 2:07-cv-11, 2008 WL 5145482, at *1 (D. N.D. Dec. 8, 2008) (citing *Dodco, Inc. v. Am. Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993). Default is not favored by the law, and there is a "judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

## DISCUSSION

Federal Rule of Civil Procedure 4(e) sets forth the manner in which an individual may be served within the United States, and it provides two sets of options for a party to effect proper service. Under Rule 4(e)(2), a party may effect service by "delivering a copy of the summons and of the complaint to the individual personally," by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." In the alternative, Rule 4(e)(1) allows a party to effect service by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff appears to argue that he effected service under Rule 4(e)(1) by following California law, which Plaintiff argues that he believed in good faith to authorize service by certified mail. Plaintiff cites California Civil Procedure Code §§ 415.40 and 415.95, but neither apples to his attempt to serve Jiji. Section 415.40 applies to service on persons outside of the state of California, however Plaintiff was attempting to serve Jiji inside the state. Section 415.95 does not apply to individuals and so does not apply to service on Jiji.

Furthermore, while Missouri and California law do permit a form of service by mail, in both cases service is not effective unless the person served returns an acknowledgment of receipt of summons. Missouri Rule of Civil Procedure 54.16 authorizes service of process on a resident or non-resident individual "by mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Civil Procedure Form 4B or Civil Procedure Form 4C and a return envelope, postage prepaid addressed to the sender." Mo. R. Civ. P. 54.16. However, "[i]f no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule." Mo. R. Civ. P. 54.16. Similarly, California Civil Procedure Code § 415.30 authorizes a party to attempt service by mailing a copy of the summons and complaint, along with a prescribed notice and acknowledgement of service, as well as a postage pre-paid return envelope. Cal. Civ. P. Code § 415.30(a) – (b). Service of summons by this method is effective if—and only if—"a written acknowledgment of receipt of summons is executed" and "such acknowledgment thereafter is returned to the sender." Cal. Civ. P. Code § 415.30(c).

There is no acknowledgement of service signed and returned by Jiji. Furthermore, Plaintiff's Submission does not demonstrate that Jiji was actually served with process. While the signature on the return receipt attached to Plaintiff's Submission is not completely clear, it clearly does not read "Renee Jiji."

## CONCLUSION

Plaintiff's Motion for Default, and the application for an entry of default against Renee Jiji contained therein, is **DENIED** on the basis that Jiji has not "failed to plead or otherwise defend" because she has not been properly and effectively served with process. Plaintiff's Motion to Strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 27, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**