IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EDDIE LAREECE PITTMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CURATORS OF THE UNIVERSITY )<br>OF MISSOURI, et al., )<br>)<br>Defendant. ) | Case No. 2:20-cv-04210-MDH |

## ORDER

Before the Court is Defendants Curators of the University of Missouri's ("University") and Phil Silverman's Motion to Dismiss Plaintiff's Complaint. (Doc. 16). Plaintiff also names Renee Jiji as a defendant in this action, but Jiji is not properly before the Court at this time.[1] For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff's sprawling 43-page pro se Complaint appears to bring a 42 U.S.C. § 1983 claim against Silverman and the University. Plaintiff was enrolled as a graduate student at the University of Missouri-Columbia from approximately Spring 2011 until his graduation in May 2015. While a student, Plaintiff was also employed by the University as a graduate assistant from Spring of 2011 to his graduation in May 2015. While the Complaint does not explicitly state what Silverman's occupation was, it appears that Silverman was a faculty supervisor to Plaintiff in the scope of his graduate assistant work. Plaintiff asserts that the University has liability for Silverman's conduct via the doctrine of respondeat superior. The Complaint highlights that

---

[1] The Court previously denied Plaintiff's Motion for Default Judgment (Doc. 24) because it found that Renee Jiji had not been properly served with summons of process. Jiji still has not been served.

1

Plaintiff alleges a hostile work environment claim. The Complaint also alleges that the University is liable under Missouri law for negligent entrustment, negligent retention, and negligent supervision.

Plaintiff argues that while being a graduate assistant, 35 separate federal constitutional rights were "either compromised, violated or illegally discouraged," ranging from the "[r]ight to protection from the misuse of time", "[r]ight to fulfillment of verbal promises", and "[r]ight to adherence to bulletins and circulars." Compl. p. 2-3. Plaintiff also lists potentially actionable "rights" such as the "[r]ight to protection from race discrimination" and "[r]ight to protection from ability discrimination in facilities" but nowhere does Plaintiff further mention or argue any claim pertaining to discrimination based on race or disability. In particular, Plaintiff never alleges that Defendants took any action that violated these rights. Plaintiff argues that "the overall combined effect from these right deprivations along with other various offensive and unprofessional incidents led to a Hostile Work Environment claim." Compl. p. 3. Plaintiff states that:

> Phil Silverman's conduct was so extreme right from the beginning to warrant a Hostile Work Environment claim with his name calling (Punk Ass), Threat of physical violence (punch in the mouth), his telling the Plaintiff that his research group members (these are people the Plaintiff has tried to deal with; it's almost criminal to have the nerve to pick at someone in this manner) were gossiping negatively about him and his constantly referencing incidents that happened within Plaintiff's research group.

Compl. p. 3-4.

Plaintiff also references various criminal statutes to which he compares Silverman's alleged conduct—18 U.S.C. § 1581 (peonage); § 1584 (involuntary servitude); § 1589 (forced labor); § 1590 (trafficking with respect to peonage); § 1591 (sex trafficking of children); and § 1592 (unlawful conduct with respect to documents).

The Complaint seeks injunctive relief as well as compensatory and punitive damages. Plaintiff asks for "some form of Injunctive Order against [] Silverman's employment status within

2

the University of Missouri Chemistry Department." Compl. p. 42. Silverman is no longer employed by the University. Plaintiff asks for unspecified compensatory damages for his "overwhelming distress and inconvenience suffered," and $1,000,000 in punitive damages against the University. *Id*.

**STANDARD**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

As courts of limited subject matter jurisdiction, federal courts have the power to hear only those cases authorized by the Constitution and by statute. As a general matter, all claims are presumed to be outside of that jurisdiction, and the party asserting jurisdiction has the burden of proving its existence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). A federal court's original subject matter jurisdiction typically takes one of two forms: federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Subject matter jurisdiction premised on § 1331, commonly known as "federal question jurisdiction, "is raised in 'those cases in which a well-pleaded complaint establishes either that

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Lundeen v. Canadian Pac. Ry.*, 447 F.3d 606, 611 (8th Cir. 2006) *citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

## DISCUSSION

1. **Plaintiff's § 1983 claims are barred by the statute of limitations**

Missouri law treats a §1983 claim for purposes of a statute of laminations "as tort claims for personal injury" and "the state statute of limitations for personal injuries should be applied to all §1983 claims." *Robinson v. City of St. Louis*, 2008 WL 268922, at 2 (citing *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 [citing *Wilson v. Garcia*, 471 U.S. 261, 268]). In Missouri, a personal injury action must be brought within five years. R.S.Mo. §516.120(4). "Generally, 'a statute of limitation[s] begins to run when the cause of action has accrued to the person asserting it, the accrual being whenever such a breach of duty has occurred, or such wrong has been sustained, as will give a right then to bring and sustain suit.'" *D'Arcy & Assocs., Inc. v. KPMG Peat Marwick, L.L.P.*, 129 S.W.3d 25, 29 (Mo. App. W.D. 2004) (quoting *Davis v. Laclede Gas Co.*, 603 S.W.2d 554, 555.).

Plaintiff's claims are based on alleged conduct of Silverman beginning in 2011 and ending in May of 2015 when Plaintiff graduated and ceased employment as a graduate assistant. Given that Plaintiff's involvement with Silverman concluded after this date, Plaintiff's five-year statute of limitations would have ran on his § 1983 claims in May of 2020. The action at hand was filed on October 26, 2020. It is not clear, but Plaintiff seems to argue that the statute of limitations would not have barred his claims until at least November of 2020 because Silverman's actions continued to affect Plaintiff, particularly with respect to his research agenda. Plaintiff's Sugg. Opp. p. 8.

4

However, Plaintiff describes that the alleged adverse actions that took place were actually the actions of Renee Jiji, not Silverman. *Id*. ("No doubt, these decisions left pending after the Pro Se Plaintiff graduated (May 2015) were only Defendant Renee JiJi's to make."). Ultimately, Plaintiff's grievances with respect to post-May 2015 alleged injuries are entirely about Jiji's decision not to publish his research article. Plaintiff's asserted "causal connection" between Silverman's actions and Jiji's decision is that due to Silverman Plaintiff did not perform as well academically with respect to his research which led to the article not being published. Plaintiff neither alleges nor describes any other action—whether a violation of his rights or otherwise—by Silverman after his May 2015 graduation date.

Plaintiff appears to argue that Missouri's tolling statute should have allowed him to file his action through November of 2020 because "there is a causal relationship between Silverman's antics and JiJi's adverse decisions…[in] November 2015." *Id*. at 10. Missouri law is clear that limitation periods begin to run when the damages are sustained and capable of ascertainment. Moreover, all possible damages from an injury do not have to be known, or even knowable, before a statute of limitations accrues. *Brandtl v. Curators of the University of Missouri,* 616 S.W.3d 494 (Mo. App. W.D. 2020). Except in cases of repressed memory, damages are usually ascertainable at the time of the tortious conduct, which normally is sufficient to "place a reasonably prudent person on notice of a potentially actionable injury". *Marianist Province of the United States v. Ross, 258 S.W.3d 809, 811 (Mo. banc 2008)*. If one thing is entirely clear from Plaintiff's Complaint, it is that Plaintiff was very much of the belief that tortious wrongs had been committed against him by Silverman by the time he graduated. *See State ex rel. Heart of America Council v. McKenzie*, 484 S.W.3d 320 (Mo. en banc 2016) (where plaintiff admitted he always "remembered the abuse" and the Court found no tolling of the statute of limitations).

In addition, the fact that Plaintiff filed a similar lawsuit on June 20, 2017 does not save this action from the statute of limitation. In his 2017 suit, Plaintiff brings claims against, among others, the University, Silverman, and Jiji under Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. *Pittman v. University of Missouri, et al.,* Case No. 2:17-cv-04016-MDH (W.D. Mo. June 20, 2021). Plaintiff filed a motion to voluntarily dismiss the action on February 2, 2018. *Id*. Missouri's savings statute allows a plaintiff who has voluntarily dismissed a suit to commence a new action within one year of motion for dismissal. R.S. Mo. § 516.230. Section 516.230 would have allowed Plaintiff to bring his action once more by February 2, 2019. Because the current action was not filed until October 26, 2020, R.S. Mo. § 516.230 cannot protect Plaintiff from the statute of limitations in this case.

Accordingly, Plaintiff's § 1983 claims against Silverman must be dismissed pursuant to R.S.Mo. § 516.120(4). Plaintiff's exclusive theory for the University's liability under § 1983 is contingent on the University being liable for Silverman's conduct. Therefore, the § 1983 claims against the University must also be dismissed.

**2. The Court lacks jurisdiction over the remaining claims in Plaintiff's Complaint**

After dismissing Plaintiff's § 1983 claims, the Court turns to the final ascertainable claims in Plaintiff's Complaint which is a hostile work environment claim as well as a vague claim against the University for Compl. at 3. Plaintiff does not allege that Silverman discriminated against or harassed Plaintiff based on race, genetics, age, sex, religion, national origin, or disability. Therefore, such a claim is governed by state law rather than federal law. *See* §§ 213.055 and 213.070; *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007). Plaintiff appears to assert claims of negligent entrustment, negligent retention, and negligent supervision under Missouri law. Compl. at 5.

As the only remaining claims are under state law, the Court does not have subject matter jurisdiction over that claim. *Lundeen v. Canadian Pac. Ry*., 447 F.3d 606, 611 (8th Cir. 2006) *citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Accordingly, the Court does not have jurisdiction over the action, and all claims against Defendants Silverman and the University are dismissed.

## CONCLUSION

For the reasons set forth in this order, Defendants Silverman's and the University's Motion to Dismiss (Doc. 17) is **GRANTED**. All claims against Silverman and the University are dismissed.

**IT IS SO ORDERED.**

Dated: June 22, 2021  　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**